# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL-JAMES KASECA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-21-538-D |
| | ) | |
| GOVERNOR JOHN RAYMOND | ) | |
| JOHNSON, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

On June 14, 2021, the Court ordered Plaintiff to show cause by June 25, 2021, why his case should not be dismissed for failure to pay the filing fee or obtain authorization to proceed without prepayment. The Order to Show Cause [Doc. No. 5] was based on Plaintiff's lack of response to the Order to Cure Deficiency [Doc. No. 3] issued May 26, 2021. Both Orders expressly informed Plaintiff (who appears *pro se*) that a failure to comply with the Court's directions would result in the dismissal of this action.

On June 25, 2021, Plaintiff made a responsive filing [Doc. No. 6] that does not address the payment deficiency. Regardless of Plaintiff's *pro se* status, he must "follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)). Under these circumstances, the Court finds that this action should be dismissed pursuant to LCvR3.3(e), Fed. R. Civ. P. 41(b), and the Court's inherent authority to manage its "own affairs so as to achieve the orderly and expeditious disposition of

cases." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice to refiling. A separate judgment of dismissal shall be entered.

**IT IS SO ORDERED** this 28th day of June, 2021.

TIMOTHY D. DeGIUSTI  
Chief United States District Judge